## HUB BLDG & LOAN ASSN v DEITCHLE et

Ohio Appeals, 2nd Dist, Franklin Co

No 2742. Decided April 27, 1937

D. T. G. Lum, Columbus, for plaintiff-appellee.

James C. Nicholson, Columbus, for defendant-appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is in this court by appeal of Lula May Deitchle on question of law.

On December 13, 1935, the plaintiff filed petition against the defendants, Lula May Deitchle, Harry C. Conrad, Myrtle M. Conrad and the Fifth Avenue Lumber Company, praying for foreclosure of mortgage and personal judgment against the first three defendants. The defendant, Fifth Avenue Lumber Company was made a defendant with the request in the prayer of the petition that it be required to set up whatever right or interest it might have in the premises. This latter defendant filed no answer.

The mortgage sought to be foreclosed, together with the note secured thereby, was originally executed by the Conrads. Thereafter, they conveyed the premises to Lula May Deitchle and her husband, Charles E. Deitchle, the latter being deceased. The deed of conveyance provided that the Deitchles assume and agree to pay the mortgage lien as part of the consideration. Prior to the decease of Charles E. Deitchle, he, by quitclaim deed, conveyed his interest to his wife Lula May Deitchle.

Prior to the hearing in the Common Pleas Court, the prayer for personal judgment was withdrawn as to all defendants. The defendant, Lula May Deitchle, filed motion directed against the petition. Upon hearing, same was overruled. Thereafter she filed demurrer, which was also overruled. On April 25, 1936, she filed answer. Thereafter, plaintiff filed motion directed to the answer asking that same be stricken from the files on the claimed ground that the same was a sham pleading. This motion was overruled. Thereupon, plaintiff filed reply to defendant's answer. On September 24, the defendant filed a supplemental answer which contained the averments (1) the plaintiff was not the real party in interest (2) plaintiff had not the legal capacity to sue. Upon hearing the trial court found against the de-

fendant and upon request made separate findings of fact and law. Paragraph 9 of the finding of fact is as follows:

"9. That on the 25th day of May, 1936, the Hub Building and Loan Company was converted into a Federal Savings and Loan Association as authorized by the acts of the Congress of the United States entitled 'An act to create federal home loan banks, to provide for supervision thereof, and for other purposes,' approved July 22, 1932, and the amendments thereto. That said plaintiff thereupon became, and assumed the name of, Hub Federal Savings and Loan Association, and ever since has been, and now is, acting and operating as such federal savings and·loan association. That on the said 25th day of May, 1936, at 4:50 o'clock P. M., the superintendent of building and loan associations of the State of Ohio, filed with the Secretary of State of Ohio, as provided by law, one copy of the Federal Savings and Loan Charter theretofore filed with said superintendent, with his approval endorsed thereon, and thereby completed the conversion of this plaintiff into a federal savings and loan association; that at said date this action was pending and that this plaintiff has elected to prosecute this action to judgment, with right of review or error or appeal as in other cases, as if such conversion had not taken place."

The finding of facts and of law were incorporated in an entry and filed in the Common Pleas Court October 13, 1936. Within this entry was also contained the usual orders for foreclosure.

Motion for new trial was overruled and exceptions noted.

The sole and only question involved in this case is as to whether or not the plaintiff was entitled to continue to prosecute its action under its original name after the 25th day of May, 1936, upon which date the plaintiff was converted into a federal savings and loan association as authorized by the acts of congress under the name "Hub Federal Savings and Loan Association."

It is and was the contention of counsel for the plaintiff, concurred in by the trial court, that it has the right to elect so to do under and by virtue of §9660-2, GC. This section contains in heavy type as its title the following "CONVERSION INTO FEDERAL SAVINGS AND LOAN." The section is very long and by reason of that fact, we do not quote it in full. The pertinent portion of this section under section, subdivision 4, reads as follows:

"Any action or proceeding pending by or against such association at the time of its conversion may be prosecuted to judgment, with right of review or error or appeal as in other cases as if said conversion had not taken place or the successor federal association may be substituted for such association."

The above language if legally effective unquestionably supports the action of the trial court.

Counsel for defendant, with much plausibility, urge that under the terms of the act, and in fact, the Hub Building and Loan Company ceased to exist and that following the conversion the real party in interest was Hub Federal Savings and Loan Association. Further reason is advanced that actions can only be prosecuted in the name of the real party in interest and that the original plaintiff no longer came under that classification. During the oral argument of this case, we stated and now repeat that we fail to understand why the Hub Federal Savings and Loan Association was not substituted as party and thereby avoid any possible infirmities.

Counsel for the defendant cite the Federal Code, 12 U.S.A., §§1424 and 1432, also §§9660-1 and 9660-2 GC.

We have examined these sections in their entirety.

The question naturally arises in our minds as to how the answering defendant may be prejudiced.

In oral argument, counsel for defendant answered this question in substance, that the converted company might not recognize the action and thereafter bring a new action. If, for the purpose of illustration, this be admitted, no possible harm could come to the answering defendants. The new company, under any conditions, could do no more than follow the property.

Prior to the conversion the plaintiff had withdrawn the prayer for personal judgment.

Considering the case in all its ramifications, we have concluded to affirm the judgment of the trial court.

Exceptions will be allowed.

Entry may be drawn accordingly.

HORNBECK and GEIGER, JJ, concur.